UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| POLYMATHIC PROPERTIES,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>MARIO LOPEZ,<br><br>　　　　Defendant. | Case No:  C 12-0479 SBA<br><br>**ORDER REMANDING ACTION** |

　　On November 8, 2011, Plaintiff Polymathic Properties, LLC, filed an unlawful detainer ("UD") action against Defendant Mario Lopez and others in the Superior Court of California, County of Contra Costa, seeking possession of certain residential property located at 4898 Snowy Egret Way, Oakley, California 94561.  On January 30, 2012, Defendant Lopez, acting pro se, removed the action to this Court asserting that Plaintiff's conduct violates the Helping Families Save Their Homes Act of 2009, Pub.L. No. 111-22, § 404(g), 123 Stat. 1632, 1658 (2009).  See Notice of Removal at 3, Dkt. 1.

　　Federal courts have an independent duty to ascertain their jurisdiction and may remand sua sponte for lack of subject matter jurisdiction. See 28 U.S.C. § 1447(c); see also Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 93-94 (1998).  Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States ...."  Under 28 U.S.C. § 1331, district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  Federal question jurisdiction is presumed to be absent unless the removing party which seeks to invoke the Court's jurisdiction shows that plaintiff has alleged:  (1) a federal cause of action, Am. Well Works Co. v. Layne & Bowler Co., 241

U.S. 257, 260 (1916) ("a suit arises under the law that creates the action"); (2) a state cause of action that turns on a substantial dispositive issue of federal law, Franchise Tax Bd. v. Construction Laborers Vacation Trust, 463 U.S. 1, 9 (1983); Smith v. Kansas City Title & Trust Co., 255 U.S. 180, 199 (1921); or (3) a state cause of action that Congress has transformed into an inherently federal cause of action by completely preempting the field of its subject matter, Avco Corp. v. Aero Lodge No. 735, 390 U.S. 557, 560 (1968).

In the case of a removed action, a district court must remand the case to state court "if at any time before the final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c); Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). "The presumption against removal means that the defendant always has the burden of establishing that removal is proper." Moore-Thomas v. Alaska Airlines, Inc., 553 F.3d 1241, 1244 (9th Cir. 2009). "[R]emoval statutes are strictly construed against removal." Luther v. Countrywide Home Loans Servicing, LP, 533 F.3d 1031, 1034 (9th Cir. 2008). As such, any doubts regarding the propriety of the removal favor remanding the case. See Gaus, 980 F.2d at 566.

Here, Defendant's Notice of Removal alleges that Plaintiff, through its UD action, has violated the Helping Families Save Their Homes Act of 2009. However, federal subject matter jurisdiction must be apparent from the face of the complaint, and cannot lie in anticipated defenses. Specifically, federal courts have jurisdiction over cases in which a "well-pleaded complaint" establishes that federal law creates the cause of action. Franchise Tax Board v. Construction Laborers Vacation Trust, 463 U.S. 1, 27-28 (1983). Defensive matters do not confer federal question jurisdiction for removal purposes: "a defendant may not remove a case to federal court unless the *plaintiff's complaint* establishes that the case 'arises under' federal law." Id. at 10 (emphasis in original). In reviewing the instant pleadings, it is readily apparent that this case does not satisfy the jurisdictional requirements for federal subject matter jurisdiction. Plaintiff's Complaint presents a UD claim, and does not assert any federal claims. Thus, based on the record presented, it is

1 facially apparent that this case does not meet the requirements of 28 U.S.C. § 1331 for
2 federal subject matter jurisdiction.
3     IT IS HEREBY ORDERED THAT the instant action is REMANDED to the
4 Superior Court of California, County of Contra Costa.  The Clerk shall close this file and
5 terminate all pending matters.
6     IT IS SO ORDERED.
7 Dated:  August 1, 2012

                                         SAUNDRA BROWN ARMSTRONG
                                         United States District Judge